## COOK COFFEE CO v BARRATTA

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 8, 1936

Scanlon & Becker, Akron, for plaintiff in error.

F. R. Hahn, Youngstown, and C. F. Shermer, Youngstown, for defendant in error.

### OPINION

By ROBERTS, J.

This case is in this court on error proceedings with the parties in the title named inversely as compared with the trial in the

Court of Common Pleas. The parties will be mentioned as designated in the lower court.

The plaintiff brought his action against the defendant for personal injuries which he claimed to have received, and by the consideration of the jury recovered a verdict in the sum of $5,000, upon which the trial court rendered judgment. It is claimed that reversible error occurred in the trial below, for which the defendant seeks a reversal of the case in this court.

Before stating the pertinent allegations of the amended petition, the answer thereto admits that it, The Cook Coffee Company, is a corporation duly organized and existing and engaged in the general business of merchandising certain food products; that Glenwood Avenue is a duly dedicated public thoroughfare in the city of Youngstown, Ohio. All other allegations of the amended petition are denied.

The petition alleges that the plaintiff, Pasquale Barratta, is a minor of eighteen years of age, and that this action is brought by him, for and on behalf of him and solely for his benefit; that on or about the 28th day of December, 1933, at about seven-twenty A. M., the plaintiff was engaged in attempting to push a certain milk truck along and over the easterly portion of Glenwood Avenue, near Cohasset Drive, Youngstown, Ohio; that the truck was headed in a northerly direction, and the position of the plaintiff was in the rear of said truck; that Glenwood Avenue is a duly dedicated public thoroughfare in said city. The defendant company, through its duly authorized employe, was at said time working within the scope of his employment for said defendant company, and was operating one of the defendant's commercial food trucks in a northerly direction over said Glenwood Avenue, at an unlawful rate of speed of thirty miles per hour, in a business and closely built up portion of said city; that at this time it was still dark and said truck was being operated with its headlights burning. Plaintiff further states, however, that the reflectors of said headlights were rusty and the rays of light thrown by said headlights would not reveal objects in advance of said truck for a greater distance than forty feet; that the brakes of said truck were old, worn and defective, and when suddenly applied the resisting power thereof would not bind upon the wheels of the truck and cause it to slow down and stop.

The employe of the defendant so operating said truck was one Alexander F. Nor-

man. While the plaintiff was so engaged in pushing said truck, within the scope of his employment, the defendant's employe, within the scope of his employment, so operated defendant's truck as to cause it to run into and against the rear end of the truck which the plaintiff was pushing, directly thereby causing plaintiff to be pinned and wedged between the rear of the truck which he was pushing and the front of the truck operated by the defendant's employe, directly and proximately causing the plaintiff to be injured. It is further alleged that the defendant's employe failed and neglected to keep a proper look-out in advance of his rapidly moving truck; that he saw or should have seen plaintiff engaged as aforesaid, in ample time to have avoided coming in contact with him, as aforesaid, had he been keeping a proper look-out, and that he could have slowed down for said truck or changed his course so as to have avoided said accident; that the defendant's said employe failed and neglected to blow his horn or give any warning of any kind of his approach upon said plaintiff, so engaged in pushing his employer's truck; that the defendant's truck was being operated at a high, dangerous and unlawful rate of speed, and that the driver thereof failed and neglected to exercise ordinary care in keeping a proper look-out in advance, and that he failed and neglected to give plaintiff any warning or notice, by horn or otherwise, of his approach, and failed to slow down or check the speed of his truck, or turn the course thereof, so as to avoid said collision, when he saw or should have seen the plaintiff, had he been exercising ordinary care in keeping a proper look-out in advance of his said truck.

It is further alleged that the defendant was guilty of negligence in causing and permitting said truck to be operated, so negligently equipped with defective brakes and insufficient lights. The petition sets out the injuries claimed to have been received by the plaintiff, not now necessary to set out in detail, as the nature thereof are not involved in the allegations of negligence claimed in this case.

The answer of the defendant has hereinbefore been described, and the result of the trial in the Court of Common Pleas has been stated.

The petition in error of the defendant, as allegations of reversible error, alleges:

"1. The court erred in overruling the motion for new trial.

2. The court erred in overruling the motion of the plaintiff in error to direct a verdict at the close of the testimony of the plaintiff below.

3. The court erred in overruling the motion of plaintiff in error to direct a verdict at the close of all the testimony in the case.

4. The court erred in giving the jury, before argument, certain special requests to charge.

5. That said judgment is contrary to law and against the weight of the evidence.

6. For other errors on the face of the record prejudicial to the rights of plaintiff in error."

However, in the brief of counsel for the defendant the alleged errors are set out as follows:

"1. The trial court erred in overruling the motion of the plaintiff in error to direct a verdict against the plaintiff at the close of the testimony of the plaintiff below.

2. The court erred in refusing to charge before argument, certain special requests made by the defendant below.

3. The judgment of the court was contrary to law and against the weight of the evidence."

The argument, in brief and orally, of counsel for the defendant seems to be based upon these three propositions. Some of those set out in the petition in error are inconsistent with the evidence and other contentions of the defendant, and it is assumed that the defendant relies upon the three hereinbefore quoted from the brief of counsel.

At the close of the plaintiff's evidence the defendant moved for a directed verdict against the plaintiff, for the reason, as claimed, that the plaintiff had not proved that the act complained of was caused by a duly authorized agent of the defendant, the Cook Coffee Company, acting within the scope of his employment. Thereupon the trial court allowed the plaintiff to reopen his case for the purpose of establishing agency, and after some further testimony was offered the defendant below renewed its motion for a directed verdict, which the court overruled. The evidence offered at this time of agency was in a deposition of Alexander F. Norman, the driver of the truck which struck and injured the plaintiff, Pasquale Barratta, Mr. Norman then testifying that he kept the truck in a garage at his own home at night; that on the morning in question he had left his home and was on his way to the office of the Cook Coffee Company when the collision occurred.

In the opinion of this court the trial court properly overruled the motion of the defendant for a directed verdict. There was ample evidence in the case, particularly the testimony of Alexander F. Norman. Counsel for the defendant further contends that this witness, Norman, the driver of the truck, was not a competent witness to testify as to his employment by the defendant, and to the fact, as claimed, that he was the agent and representative of the defendant at the time of the collision, engaged in the operation of the defendant's truck; that the driver of the truck, Norman, was competent to testify concerning his operation of the truck and his employment by the Cook Coffee Company. See 1 Ohio Jurisprudence, pages 865 and 867, or §§131 and 132, under the title of "Agency." See also 2 C. J., pages 933 and 935.

It is further complained by counsel for the defendant that there is no evidence as to whether or not at the time in question the alleged agent was acting within the scope of his employment, except the testimony of the witness Norman. It is observed that the defendant called no witnesses in his behalf and rested upon the conclusion of the plaintiff's testimony. There was, therefore, no testimony offered by any witness contradicting the testimony offered by the plaintiff, or attempting otherwise to deny the ownership of the truck which collided with the plaintiff, or of its defective condition, as testified to by Norman and other witnesses.

This court is of the opinion that the testimony of Norman in this respect was competent. Briefly, it may be epitomized as follows: The plaintiff, on the morning in question, which was a very cold morning, was unable, with the assistance of the driver of the truck, to start it. Endeavoring to accomplish this purpose, it was pushed out in the street, turned in a northerly direction, and the regular driver entered the car and took hold of the steering wheel, while the plaintiff and another employe pushed from behind, with the thought that by thus pushing the car in gear down hill, the motor would start. While so doing the truck of the defendant, being driven by the witness Norman, going in the same direction, and in the rear of the truck

being pushed by the plaintiff, approached at such a rate of speed as rendered him wholly unable to stop or appreciably slacken the speed of his truck until it came into contact with the other truck, and crushed the plaintiff between the rear end of the truck which he was pushing and the front end of the truck Norman was operating, whereby he received serious injuries. The amount of the verdict is not claimed by the defendant to have been excessive. The evidence indicates that the truck of the defendant was an old model; that its brakes were almost wholly ineffective to check the speed of the truck; that the lights, which were on at the time, were very dim, the lens being rusty and old and they did not shed a light of more than from twenty to forty feet in advance of the car. The windshield was covered with frost, so that there was but little opportunity to see in advance thereof by the driver. Under these conditions the driver came around the curve at such speed, knowing all of these defective matters connected with the car, crashed into the plaintiff, and with the result that he received very serious injuries.

This uncontradicted evidence was amply sufficient to justify the court in submitting the case to the jury as against the motion of the defendant, and the verdict so returned by the jury was not against the weight of the evidence. The court did not err in overruling the motion for new trial. It follows that the judgment of the Court of Common Pleas should be, and is, affirmed.

Judgment affirmed.

CARTER and NICHOLS, JJ, concur.